UNITED STATES of America, Plaintiff,

v.

Gary LICHTMAN, Defendant.

No. 85–935–Criminal–EPS.

United States District Court,
S.D. Florida,
Miami Division.

June 11, 1986.

---

Mark Seltzer, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Robert Haggard, Coral Gables, Fla., for defendant.

## MEMORANDUM OPINION & ORDER DENYING MOTION TO DISMISS THE INDICTMENT

SPELLMAN, District Judge.

This CAUSE comes before the Court on the Defendant's Motion to Dismiss the Indictment.

In July of 1985, the Acting Administrator of the United States Drug Enforcement Administration (DEA) temporarily placed the drug, 3.4 methylenedioxymethamphetamine (MDMA), into Schedule I of the Controlled Substances Act. The temporary scheduling was done pursuant to 21 U.S.C. Section 811(h). On December 12, 1985, Gary Lichtman was indicted by a Federal Grand Jury of attempting to manufacture and possess with intent to distribute MDMA, and the use of a telephone to facilitate the substantive offenses.

The Defendant has filed a Motion to Dismiss the Indictment and provides the Court with essentially six grounds in support of such a dismissal:

(1) 21 U.S.C. § 811(h) is unconstitutional on its face because the delegation of authority to the Attorney General fails to create the adequate safeguards and guidelines and because it is vague and overly broad;

(2) 21 U.S.C. § 812 is unconstitutional on its face for vagueness in that "the courts, Congress, and the DEA have continually rendered conflicting and inconsistent decisions in an attempt to resolve the inherent conflicts between the language of the statute and the 'presumed' Congressional intent;"

(3) Classification of MDMA into Schedule I is unconstitutional on its face because it is "arbitrary, capricious, and unreasonable;"

(4) Classification of MDMA into Schedule I is unconstitutional because the Attorney General failed to comply with the procedures set forth in 21 U.S.C. § 811(h);

**440**

(5) Classification of MDMA into Schedule I is unconstitutional because the order fails to correctly identify the substance;

(6) The Indictment fails to state an offense against the laws of the United States because MDMA has not been effectively classified as a Schedule I substance.

■ This Court has reviewed each of the Defendant's arguments, the Government's Response, and the Defendant's Reply, and finds there to be no constitutional infirmity with respect to the Congressional delegation or to the classification of MDMA. Although courts have explored the unlawful delegation challenge with respect to 21 U.S.C. § 811(a), the issue with regard to 21 U.S.C. § 811(h) is one of first impression and has only been the subject of oral pronouncements in open court. *See, e.g.,* Government Exhibit A, Motion Transcript in *United States v. Spain,* 85–CR–318 (D.Colo.1986).

It is helpful to view the contention of unlawful delegation in the context of the limited vitality of the doctrine itself in the federal courts today. The United States Supreme Court has not, in fact, invalidated such Congressional delegations to governmental authorities since the two landmark cases in 1935, *Panama Refining Co. v. Ryan,* 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935) and *Schechter Poultry Corp. v. United States,* 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935).

In *American Power Co. v. S.E.C.,* 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed. 103 (1946), the Court rejected the claim that the Public Utility Holding Act constitutes an unconstitutional delegation of legislative power to the Securities and Exchange Commission and defined the parameters of proper delegation:

> The legislative process would frequently bog down if Congress were constitutionally required to appraise beforehand the myriad situations to which it wishes a particular policy to be applied and to formulate specific rules for each situation. Necessity therefore fixes a point beyond which it is unreasonable and impracticable to compel Congress to prescribe detailed rules; it then becomes constitutionally sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority.

*Id.* at 105, 67 S.Ct. at 142. This Court finds the guidelines set forth in Section 811(h) to be sufficiently precise and further, finds the policy within the statutory scheme to be adequately delineated.

■ This and other circuits have considered the delegation question with respect to 21 U.S.C. § 811(a) of the Controlled Substances Act and have concluded that the standards set forth therein are not unconstitutionally vague. *See United States v. Pastor,* 557 F.2d 930, 941 (2nd Cir.1977); *United States v. Gordon,* 580 F.2d 827, 840 (5th Cir.1978); *United States v. Davis,* 564 F.2d 840, 844 (9th Cir.1978). This Court is of the view that the reasoning set forth in *Gordon* and the above-named kindred cases applies with equal force to 811(h). *See* Government Exhibit A, Motion Transcript in *United States v. Spain,* 85–CR–318 (D.Colo.1986) in which the Honorable Zita L. Weinshienk upheld the validity of Section 811(h) and sustained its application to MDMA.[1] In addition, this Court can

---

1. In *United States v. Spain,* 85–CR–318 (D.Colo. 1986), Judge Weinschienk is discussing *United States v. Gordon,* 580 F.2d 827 (5th Cir.1978) and states:

> That case was talking about 811(a); but the reasoning, the rationale, applies also to 811(h). And at this time, it would appear to me that the delegation to the Attorney General is a proper delegation, using that reasoning. The question then is whether this court is convinced that MDMA was properly classi-

fied. The House report indicates that Congressional intent in this case was to get at designer drugs. You can take a drug like MDMA—MDA, change some chemical component, as I in my very simple lay way understand it, and make some new designer drug out of it. If that is ruled on by Congress, then maybe there can be another slight chemical alteration and you've got some other drug. And what Congress is stated in the House Report.

not abide by the Defendant's contention that since some of the standards enumerated in Section 811(a) are not present in Section 811(h), the provision *sub judice* is, on its face, constitutionally defective.

This Court has examined all six grounds provided by the Defendant in his memorandum in support of his Motion to Dismiss. Several reasons and sub-divisions within his arguments are overlapping and fall within his unlawful delegation challenge. With respect to the other contentions not addressed at length in this Order, this Court is of the opinion that they are without merit.

In sum, since this Court finds the delegation of authority challenged herein to be valid, the guidelines and safeguards within the statutory scheme to be sufficient, and the temporary placement of MDMA into Schedule I to be permissible, it is hereby,

ORDERED AND ADJUDGED that the Motion to Dismiss the Indictment is DENIED.

So what Congress intended was to reach, it appears to this Court, drugs just like MDMA.

That was the intent of Congress: They intended to get at just this sort of designer drug.